IN THE MATTER OF:

JAMES E. SPRING
ROCCO A. EPISCOPO
GEORGE THOMPSON
29-31 West Third Street
New Castle, Delaware.

(*February* 9, 1956.)

HERRMANN, J., sitting.

*David B. Coxe, Jr.,* for petitioner, Rocco A. Episcopo.

*Wilfred J. Smith, Jr.,* Deputy Attorney-General, for the State.

Superior Court for New Castle County, No. 51, Criminal Action, 1956.

HERRMANN, J.:

The question presented is this: Should this Court entertain a petition for the return of property, seized under a search war-

rant directed by a Judge of this Court, and for the suppression of the use of such property as evidence in a prosecution in another Court?

By virtue of a search warrant which I issued upon the application of the Attorney General, the premises described therein were searched and James E. Spring, Rocco A. Episcopo and George Thompson were taken into custody. See 11 *Del. C.* §§ 2304, 2307. The three men were then brought before a Justice of the Peace on charges of violating the gambling laws of the State and they were held under bail bond for appearance in the Court of Common Pleas. Informations were filed against the three men in the Court of Common Pleas and the State proposes to offer in evidence in those prosecutions some or all of the property seized. Episcopo filed the instant application to this Court requesting suppression of the evidence in the Court of Common Pleas, or in any other Court, on the ground that the search warrant was "issued illegally and contrary to law" and, therefore, the property was unlawfully seized and should be returned to the owner.

The petition will be dismissed for two reasons: (1) The jurisdiction of this Court to grant the petition has not been satisfactorily established; but even if this were not so (2) this Court should decline to exercise whatever jurisdiction it may have as a matter of comity and in the interest of better administration of criminal justice.

The petitioner contends that this Court has inherent power to entertain any proceeding arising out of the warrant of one of the Judges of this Court. Moreover, attention is invited to the possibility of disagreement by a Judge of a lower Court with a finding of probable cause and reasonableness duly made by a Judge of this Court in the process of issuing a search warrant.

Since the recent repeal of the Statute which vested in this Court exclusive jurisdiction in proceedings such as this, 11 *Del. C.* § 2310, as amended April 26, 1955, we must look to the common law for the power of this Court to suppress evidence held

in connection with a prosecution in another Court. It appears that such power was unknown to the common law. See *Sibbley v. State,* 9 *Terry* 289, 102 *A.* 2d 702, 707. In the absence of Statute, now that 11 *Del. C.* § 2310 has been repealed, this Court's jurisdiction to control proceedings in another Court, in the manner requested by the petitioner, is highly questionable.

I find it unnecessary, however, to examine further into the question of jurisdiction. Even if the matter of jurisdiction were unquestionable, I am of the opinion that the pending petition should be denied. If this Court has jurisdiction, it is concurrent with that of the Court of Common Pleas. As a mater of comity, I think that this Court should decline to exercise whatever jurisdiction it may have so that there will be no interruption or delay in the proceedings of the Court in which the prosecution is pending..This course is indicated in the interest of prompt and efficient enforcement of criminal law. We sought and accomplished the repeal of 11 *Del. C.* § 2310, under which this Court had exclusive jurisdiction in proceedings of this kind,. in order to eliminate the unavoidable delays caused by separate proceedings, such as this, to suppress evidence in criminal cases pending in the lower Courts. See *Sibbley v. State,* 9 *Terry* 289, 102 *A.* 2d 702, 705. The spirit of that procedural reform should be honored in cases of this kind.

The rights of the petitioner may be protected and enforced in the Court in which the prosecution is pending either by preliminary motion, if permissible under the rules of that Court, or by appropriate objection to the admissibility of the evidence when offered at the trial. The petitioner will thus be afforded the protection to which he is entitled under law and, at the same time, the enforcement of law will be expedited.

For the reasons stated, the petition will be dismissed.